STEPHEN E. RONK (SBN: 164333)
MICHELLE L. STEINHARDT (SBN: 235149)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys For Defendants
THE WACKENHUT CORPORATION
JANICE WOELFFER AND DALE SCHMIDT

JAMES SETTLE
4721 Nicol Commons # 103
Livermore, CA 94550
Telephone: (925) 998-0297
Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SETTLE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WACKENHUT CORP. BONNIE SUTTERFIELD, DALE SCHMIDT, JANICE WOELFFER, DOES 1-10,<br><br>Defendants. | CASE NO. C 7-05813 JSW<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f)**<br><br>Date: March 14, 2008<br>Time: 1:30 p.m.<br>Courtroom: 2 |

Plaintiff James Settle (hereinafter "Plaintiff") and counsel for Defendants The Wackenhut Corporation, Janice Woelffer and Dale Schmidt (hereinafter collectively referred to as "Defendants") having met and conferred via telephone on January 31, 2008, hereby submit their Joint Report, pursuant to this Court's Case Schedule and Federal Rules of Civil Procedure Rule 26(f).

1. **Jurisdiction and Service:**

Plaintiff and Defendants (hereinafter collectively referred to as the "Parties") agree that jurisdiction exists based upon 42 U.S.C. §§ 1981, 1983, 1331, 1343(3)

-1-
JOINT RULE 26 REPORT

and 1343(4). All parties have been served. Defendants have answered Plaintiff's Complaint. However, Defendant Bonnie Sutterfield has not responded to Plaintiff's Complaint.

**2.     Facts:**

Plaintiff alleges that as an African American man over 40 years of age, he was discriminated against based upon his age, race and gender while employed by The Wackenhut Corporation at the Chevron facility. Particularly, Plaintiff alleges that while employed by The Wackenhut Corporation, he was disciplined for tardiness and was passed over for a promotion for which Plaintiff believes he was qualified. Plaintiff has alleged the following causes of action: 1) Violation of Civil Rights pursuant to 42 U.S.C. § 1981, 1983, 1985 and 1986; 2) Violation of Civil Rights Act 1991 and 42 U.S.C. § 2000, *et seq.* ("Title VII"); 3) Violation of California Government Code § 12900, *et seq.*; 4) Wrongful Termination; 5) Retaliation; 6) Hostile Work Environment; 7) Harassment; 8) Slander; 9) False Imprisonment; 10) Intentional Infliction of Emotional Distress; 11) Negligent Infliction of Emotional Distress; 12) Discrimination Based on Age; and 13) Conspiracy.

Defendants deny each and every claim alleged hereinabove by Plaintiff.

**3.     Legal Issues:**

Plaintiff alleges discrimination based upon race, sex and age; violation of Civil Rights pursuant to 42 U.S.C. § 1983, 1985 and 1986; Violation of the Civil Rights Act of 1991 and 42 U.S.C. § 2000 *et seq.* ("Title VII"); Violation of the California Government Code § 12900, *et seq;* Wrongful Termination; Retaliation; Hostile Work Environment; Harassment; Slander; False Imprisonment; and intentional Infliction of Emotional Distress.

Defendants deny each and every claim alleged hereinabove by Plaintiff.

**4.     Motions:**

Plaintiff anticipates filing a Motion for Remand.

-2-
JOINT RULE 26 REPORT

Defendants anticipate filing a Motion for Summary Judgment and possibly a Motion for Judgment on the Pleadings.

5. **Amendments to the Pleadings:**

Plaintiff does not intend to voluntarily amend his pleadings.

6. **Evidence Preservation:**

Defendants will provide Plaintiff with a hard copy of all non-privileged documents Defendants have in their possession, custody or control that relate to its claims and defenses in this litigation. Plaintiff is expected to do the same.

7. **Disclosures:**

The parties have agreed to exchange their initial disclosures and corresponding documents on March 7, 2008.

8. **Anticipated Discovery:**

Plaintiff anticipates obtaining written affidavits in support of his Complaint.

Defendants anticipate propounding written discovery, anticipate at least five depositions and noticing an Independent Medical Examination based upon Plaintiff's emotional distress claims. With regard to written discovery, Defendants do not believe that twenty-five interrogatories will be sufficient as Plaintiff has alleged thirteen separate and distinct causes of action in this matter. Defendant requests that it be permitted to propound fifty interrogatories in order to be able to sufficiently address each of Plaintiff's thirteen causes of action.

9. **Class Action:**

This is not a class action lawsuit.

10. **Related Cases:**

There are no related cases at this time.

11. **Relief:**

Plaintiff seeks $1,000,000.00 per claim plus $3,000,000.00 in punitive damages. Plaintiff alleges he was injured by the actions of the Defendants and Bonnie Sutterfield and seeks damages to rectify his injuries, based on amount of

time and severity of injuries suffered, wages lost and punitive damages.

Defendants content that if liability is established, damages should be calculated based upon lost wages, if any.

### 12. Settlement and ADR:

Plaintiff and Defendants have agreed to participate in the ADR process of mediation. Plaintiff and Defendants will stipulate to mediation before a Magistrate Judge.

### 13. Consent to Magistrate Judge for all Purposes:

Plaintiff and Defendants will not agree to a Magistrate Judge for all purposes.

### 14. Other References:

The Parties do not feel this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing the Issues:

The parties are unable to narrow the issues at this time.

Plaintiff states the issues in this case come from the actions taken by the supervisors and others in position of authority at the Chevron facility. The discrimination, based on race, sex and age, harassment, slander, false imprisonment, intentional infliction of emotional distress, etc. all came from the illegal and unfair treatment, defendants did Plaintiff.

Defendants believes the issues can be narrowed on a Motion for Summary Judgment and/or Motion for Judgment on the Pleadings.

### 16. Expedited Schedule:

The parties do not believe this case should proceed on an expedited schedule. Defendants anticipate a significant amount of discovery as there are numerous claims as well as over $10,000,000.00 in alleged damages.

### 17. Scheduling:

The Parties have agreed to the following proposed schedule:

|     |     |
| --- | --- |
| Hearing on Dispositive Motions: | August 1, 2008 |
| Expert Designations: | August 17, 2008 |
| Rebuttal Expert Designations: | August 30, 2008 |
| Discovery Cutoff: | September 17, 2008 |
| Pretrial Conference: | October 31, 2008 |
| Trial: | November 17, 2008 |

**18. Trial:**

The Parties anticipate the length of trial to be between 5-7 days.

**19. Disclosures:**

Plaintiff has not yet filed the "Certification of Interested Entities or Persons."

Defendants filed and restate the "Certification of Interested Entities or Persons" as follows:

Defendants certify that the following listed parties may have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. The Wackenhut Corporation, named as a defendant herein has its principal place of business in Florida. The Wackenhut Corporation's parent company is Group 4 Securicor plc. The Wackenhut Corporation does not own 10% or more of stock in a publicly traded company.

2. Bonnie Sutterfield, named defendant. Defendants are informed and believe that Bonnie Sutterfield is a resident of the County of Alameda.

3. Dale Schmidt, named defendant. Dale Schmidt is a resident of the County of Contra Costa.

4. Janice Woelffer, named defendant. Janice Woelffer is a resident of the County of Contra Costa.

Defendants are informed and believe that none of the aforementioned individuals own 10% or more of stock in any publicly traded company.

1 | **20.** **Any other Issues:**

2 No other issues are contemplated at this time.

3

4 DATED: March 3, 2008                    GORDON & REES LLP

5

6                                          By _____
7                                              Stephen E. Ronk
                                              Michelle L. Steinhardt
                                              Attorney for Defendants
8                                          THE WACKENHUT CORPORATION,
                                          JANICE WOELFFER AND DALE
9                                          SCHMIDT

10

11

12
   DATED: February __, 2008               PRO SE
13

14
                                          By _____
15                                             James Settle, Pro Se

16

17

18

19

20

21

22

23

24

25

26

27

28

WACK/1047944/5457612v.1

-6-
**JOINT RULE 26 REPORT**

1  20.  **Any other Issues:**

2      No other issues are contemplated at this time.

3

4  DATED: February __, 2008                GORDON & REES LLP

5

6                                          By_____
7                                              Stephen E. Ronk
                                               Michelle L. Steinhardt
                                               Attorney for Defendants
8                                           THE WACKENHUT CORPORATION,
                                            JANICE WOELFFER AND DALE
9                                           SCHMIDT

10

11

12

13  DATED: February 27, 2008               PRO SE

14

15                                          By_____
                                               James Settle, Pro Se
16

17

18

19

20

21

22

23

24

25

26

27

28

ACK/1047944/5344518v.1

-6-

JOINT RULE 26 REPORT