1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MICHELLE L. STEINHARDT  (SBN: 235149)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA  90071
4  Telephone:  (213) 576-5000
   Facsimile:  (213) 680-4470
5
   Attorneys for Defendants
6  THE WACKENHUT CORPORATION
   JANICE WOELFFER AND DALE SCHMIDT
7
8                UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JAMES SETTLE, an individual | ) CASE NO. C 7-05813 JSW |
| Plaintiff, | ) |
| vs. | ) |
| | ) THE WACKENHUT |
| | ) CORPORATION; JANICE |
| | ) WOELFFER AND DALE |
| | ) SCHMIDT'S NOTICE OF MOTION |
| WACKENHUT CORP. BONNIE | ) AND MOTION FOR SUMMARY |
| SUTTERFIELD, DALE SCHMIDT, | ) JUDGMENT OR IN THE |
| JANICE WOELFFER, DOES 1-10, | ) ALTERNATIVE MOTION FOR |
| | ) PARTIAL SUMMARY JUDGMENT |
| | ) Date:  August 8, 2008 |
| | ) Time: 9:00 a.m. |
| Defendants. | ) Courtroom: 2 |
| | ) [Filed and served concurrently with |
| | ) Memorandum of Points and |
| | ) Authorities; Declaration of Michelle |
| | ) Steinhardt; Request for Judicial |
| | ) Notice; and [Proposed] Order] |
| | ) (Alameda County Superior Case No. |
| | ) VG07347918) |

TO THIS HONORABLE COURT, AND PLAINTIFF JAMES SETTLES:

          PLEASE TAKE NOTICE that on  August 8, 2008 at  9:00  a.m., or as

soon thereafter as the matter may be heard, in Department 2 of the above-entitled

court located at  450  Golden  Gate  Avenue,  San  Francisco,  California  94102,

-1-

1   Defendants THE WACKENHUT CORPORATION, JANICE WOELFFER AND
2   DALE SCHMIDT (hereinafter collectively referred to as" Defendants") will and
3   hereby do move, pursuant to Federal Rules of Civil Procedure, Rule 56, for an
4   order granting summary judgment as to all Claims for Relief set forth in the
5   Compliant or, in the alternative, for partial summary judgment as to each of the
6   following issues:

7       1.      Defendants are entitled to summary judgment as to Plaintiff's First
8   Claim for Relief for race discrimination pursuant to 42 U.S.C. § 1981 as Plaintiff is
9   unable to identify any material fact in genuine dispute that would establish that
10  Plaintiff was denied a promotion for a pretextual reason;

11      2.      Defendants are entitled to summary judgment as to Plaintiff's Second
12  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1983 as
13  Plaintiff is unable to identify discriminatory conduct of a state actor as required by
14  42 U.S.C. § 1983.   Additionally, an individual can not be liable for purported
15  discriminatory conduct arising out of personnel decisions;

16      3.      Defendants are entitled to summary judgment as to Plaintiff's Third
17  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1985 as
18  Plaintiff is unable to establish any material facts in genuine dispute as to the
19  formation and operation of a conspiracy, the wrongful act of any of the
20  conspirators thereto, and damage resulting there from;

21      4.      Defendants are entitled to summary judgment as to Plaintiff's Fourth
22  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1986. A
23  claim under 42 U.S.C. § 1986 can not lie without first proving a conspiracy under
24  Section 1985. 42 U.S.C. § 1986. Plaintiff can not establish any material facts to
25  support a Section 1985 conspiracy.   Without a valid 42 U.S.C. § 1985 claim,
26  Plaintiff's corollary claim under 42 U.S.C. § 1986 does not survive;

27      5.      Defendants are entitled to summary judgment as to Plaintiff's Fifth
28  Claim for Relief for gender/race discrimination pursuant to the Civil Rights Act of

DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR PARTIAL SUMMARY JUDGMENT

1   1964, as amended by the Civil Rights Act of 1991 as Plaintiff is unable to identify

2   any material fact in genuine dispute that would establish that Plaintiff was denied a

3   promotion for a pretextual reason.  Individual Defendants Dale Schmidt and Janice

4   Woelffer are not employers and cannot be liable for race discrimination;

5       6.    Defendants are entitled to summary judgment as to Plaintiff's Sixth

6   Claim for Relief for race/age discrimination pursuant to 42 U.S.C. § 2000 (Title

7   VII) as Plaintiff is unable to identify any material fact in genuine dispute that

8   would establish that Plaintiff was denied a promotion for a pretextual reason.

9   Individual Defendants Dale Schmidt and Janice Woelffer are not employers and

10  cannot be liable for race discrimination under 42 U.S.C. § 2000 (Title VII). ;

11      7.    Defendants are entitled to summary judgment as to Plaintiff's Seventh

12  Claim for Relief for race/sex discrimination pursuant to California Government

13  Code § 12900 as Plaintiff did not exhaust his administrative remedies prior to

14  bringing the instant lawsuit as required by Cal. Gov. Code § 12965(b);

15      8.    Defendants are entitled to summary judgment as to Plaintiff's Eighth

16  Claim for Relief for wrongful termination in violation of public policy as Plaintiff

17  was never terminated.  individual moving defendants Dale Schmidt and Janice

18  Woelffer were not Plaintiff's employer and cannot be liable for wrongful

19  termination.  TWC was and continues to be Plaintiff's employer;

20      9.    Defendants are entitled to summary judgment as to Plaintiff's Ninth

21  Claim for Relief for retaliation as Plaintiff can establish no material fact in genuine

22  dispute to contradict that he was transferred to another facility due to legitimate

23  business reasons rather than for retaliatory reasons.  Individual Defendants Dale

24  Schmidt and Janice Woelfer are not Plaintiff's employer and can not be liable for

25  purported retaliation.

26      10.    Defendants are entitled to summary judgment as to Plaintiff's Tenth

27  Claim for Relief for hostile work environment harassment for multiple reasons,

28  including that (i) Plaintiff did not exhaust his administrative remedies prior to

1 bringing the instant lawsuit as required by Cal. Gov. Code § 12965(b);    (ii)

2 Plaintiff's allegations relate to managerial decisions and do not qualify as

3 harassment under the law; and (iii) Plaintiff was not subjected to conduct

4 sufficiently severe or pervasive to alter the conditions of his employment and

5 create an abusive working environment.

6     11. Defendants are entitled to summary judgment as to Plaintiff's

7 Eleventh Claim for Relief for Slander as Plaintiff (i) cannot overcome the

8 conditional privilege given to supervisors to communicate to others in the

9 workplace; by offering competent evidence that any of the alleged statements made

10 by Defendants were motivated by hatred or ill will;

11     12. Defendants are entitled to summary judgment as to Plaintiff's Twelfth

12 Claim for Relief for false imprisonment as there is no genuine dispute that Plaintiff

13 was never actually confined, a necessary element of false imprisonment;

14     13. Defendants are entitled to summary judgment as to Plaintiff's

15 Thirteenth Claim for Relief for intentional infliction of emotional distress as

16 Plaintiff has not been able to demonstrate either (i) any material fact in genuine

17 dispute that Defendants conduct was extreme and outrageous; or (ii) that Plaintiff's

18 distress was of such a substantial quantity or enduring quality that it could qualify

19 as intentional infliction of emotional distress;

20     14. Defendants are entitled to summary judgment as to Plaintiff's

21 Fourteenth Claim for Relief for negligent infliction of emotional distress as

22 Plaintiff has not been able to demonstrate any material fact in genuine dispute that

23 Defendants conduct was so "serious" as to cause emotional distress;

24     15. Defendants are entitled to summary judgment as to Plaintiff's

25 Fifteenth Claim for Relief for age discrimination pursuant to 42 U.S.C. § 1981 as

26 Plaintiff is unable to identify any material fact in genuine dispute that would

27 establish that the legitimate business reasons underlying Plaintiff's denial of a

28 promotion were pretextual;

16.   Defendants are entitled to summary judgment as to Plaintiff's Sixteenth Claim for Relief for FEHA age discrimination as Plaintiff did not exhaust his administrative remedies as required by Cal. Gov. Code § 12965(b). Moreover, even if Plaintiff had exhausted his administrative remedies, he is unable to is unable to identify any material fact in genuine dispute that would establish that the legitimate business reasons underlying his denial of the promotion were pretextual;

17.   Defendants are entitled to summary judgment as to Plaintiff's Seventeenth Claim for Relief for conspiracy as Plaintiff is unable to establish any material facts in genuine dispute as to the formation and operation of a conspiracy, the wrongful act of any of the conspirators thereto, and damage resulting there from.

18.   Defendants are entitled to summary judgment as to Plaintiff's claim for punitive damages as Plaintiff has not been able to offer evidence of clear and convincing proof Defendants conduct was reprehensible conduct that is "base, vile or contemptible." *Shade Foods v. Innovative Product Sales*, (2000) 78 Cal.App.4th 847, 891; Cal. Civ. Code § 3294.

This motion is based upon this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Proposed Order submitted herewith, the Declaration of Michelle L. Steinhardt and the exhibits attached thereto or referenced therein, the Request for Judicial Notice, all of which are filed and served concurrently herewith, upon all records and files in this action,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF MOTIONFOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

1  and upon such other and further evidence and argument as may be presented at or

2  prior to the hearing of this Motion.

3  DATED:  July _____, 2008                    GORDON & REES LLP

4

5                                              By_____

6                                                   Stephen E. Ronk
                                                   Michelle L. Steinhardt
7                                                   Attorney for Defendants
                                                THE WACKENHUT CORPORATION,
8                                              JANICE WOELFFER AND DALE
                                                SCHMIDT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTIONFOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR PARTIAL SUMMARY JUDGMENT

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1       <u>PROOF OF SERVICE</u>

2       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071. On **July 3, 2008**, I served the within documents:

4       THE WACKENHUT CORPORATION; JANICE WOELFFER AND DALE SCHMIDT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☒ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Express Mail by U.S. post office as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

James Settle
4721 Nicol Commons, #103
Livermore, CA 94550
Tel: (925) 998-0297
*Plaintiff in Pro Per*

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on **July 3, 2008** at Los Angeles, California.

_____
Kimberley M. Davison