1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MICHELLE L. STEINHARDT (SBN: 235149)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5
   Attorneys for Defendants
6  THE WACKENHUT CORPORATION
   JANICE WOELFFER AND DALE SCHMIDT
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES SETTLE, an individual          )  CASE NO. C 7-05813 JSW
                                        )
12               Plaintiff,             )
                                        )
13       vs.                            )  REQUEST FOR JUDICIAL NOTICE
                                        )  IN SUPPORT OF DEFENDANTS
14                                      )  THE WACKENHUT
                                        )  CORPORATION; JANICE
15 WACKENHUT CORP. BONNIE               )  WOELFFER AND DALE SCHMIDT
   SUTTERFIELD, DALE SCHMIDT,           )  MOTION AND MOTION FOR
16 JANICE WOELFFER, DOES 1-10,          )  SUMMARY JUDGMENT OR IN
                                        )  THE ALTERNATIVE MOTION
17                                      )  FOR PARTIAL SUMMARY
                                        )  JUDGMENT
18               Defendants.            )
                                        )  Date:  August 8, 2008
19                                      )  Time: 9:00 a.m.
                                        )  Courtroom: 2
20                                      )
                                        )  [Filed and served concurrently with
21                                      )  Memorandum of Points and
                                        )  Authorities; Declaration of Michelle
22                                      )  Steinhardt; and [Proposed] Order]
                                        )
23                                      )  (Alameda County Superior Case No.
                                        )  VG07347918)
24                                      )
                                        )
25 _____ )

26 TO THIS HONORABLE COURT, AND PLAINTIFF JAMES SETTLES:

27       PLEASE TAKE NOTICE that Defendants The Wackenhut Corporation,

28 Dale Schmidt and Janice Woelffer ("Defendants") hereby requests that the Court

   take judicial notice, pursuant to Federal Rule of Evidence 201, of the following

-1-

1    document, in support of its Motion for Summary Judgment, or in the alternative

2    Motion for Partial Summary Judgment:

3         1.    Complaint in the case entitled, James Settle v. Wackenhut Corp, et al.,

4    filed on September 25, 2007, in the Superior Court of the State of California for the

5    County of Alameda, Case No. VG07347918.

6

7    DATED: July __3__, 2008            GORDON & REES LLP

8

9                           By_____

10                             Stephen E. Ronk
                          Michelle L. Steinhardt

11                             Attorney for Defendants
    THE WACKENHUT CORPORATION,

12       JANICE WOELFFER AND DALE
    SCHMIDT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

REQUEST FOR JUDICIAL NOTICE IN SUPPORT DEFENDANTS' NOTICE OF MOTIONFOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

James Settle
4721 Nicol Commons #103
Livermore, CA. 94550
(925) 998-0297
In Pro Per

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 5 2007

CLERK OF THE SUPERIOR COURT
By _____ LYNN WILEY
                                    Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| James Settle | CASE NO. VG 0 7 3 4 7 9 1 8 |
| Plaintiff | **COMPLAINT FOR DAMAGES (CIVIL RIGHTS) AND DEMAND FOR JURY TRIAL** |
| vs | (1) Violation of Civil Rights [42 U.S.C. §1981] |
| | (2) Violation of Civil Rights [42 U.S.C. §1983] |
| Wackenhut Corp. Bonnie Sutterfield, Dale Schmidt, Janice Woelffer, DOES 1-10 | (3) Violation of Civil Rights [42 U.S.C. §1985 & 1986] |
| | Complaint for Damages (Race Discrimination in Violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act 1991, 42 U.S.C. 2000 et seq. ("Title VII") Race and Sex Discrimination in Violation of The Cal. Govt. Code 12900, et. seq. Wrongful Termination in Violation of Public Policy, Retaliation, Hostile Work Environment, Harassment, Slander, False Imprisonment, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress, Discrimination based on age, Disparaging treatment. Conspiracy |
| Defendants | |

Plaintiff JAMES SETTLE alleges the following:

I    NATURE OF THE CASE

1.    This suit is instituted to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 1981 and 1983, providing for damages and injunctive and other relief for discrimination on the basis of race (42 U.S.C. § 1981), and against deprivation of their rights

under color of state and federal law of the privileges secured hereunder, and by 42 U.S.C. § 1983 providing for equal rights of citizens or of all persons within the jurisdiction of the United States. This action is also brought pursuant to 42 U.S.C. § 1981 to secure the full and equal benefit of all laws and proceedings for the security of plaintiff as is enjoyed by white citizens; and pursuant to the equal protection clause of the Fourteenth Amendment to the Constitution of the United States prohibiting a denial of certain rights without due process. This section is also brought pursuant to 42 U.S.C. §§ 1985 and 1986 providing for damages and other relief for conspiring between two or more persons to discriminate against individuals on the basis of race.

II   JURISDICTION

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States, including the eighth and fourteenth amendments to the Constitution of the United States; and jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1343(3) and 1343(4), because this action redresses the deprivation, under color of State law, regulation, custom, and usage, of rights, privileges, and immunities secured to plaintiff by the Constitution of the United States, including protection of their civil rights.

III   VENUE

The unlawful acts and practices alleged below were committed within the State of California and in the judicial district of the United States District Court for the Northern District of California. Plaintiff is informed and believes, and thereon allege, that DEFENDANTS are individuals as well as a corporation with principal offices in the above judicial district; and is doing business in the County of ALAMEDA; and Plaintiff is informed and believes that defendants, Bonnie Sutterfield, Dale Schmidt, Janice Woelffer and DOES 1-10 are natural persons and that corporation Wackenhut Corporation hereinafter Wackenhut, at all times relevant herein was a corporation where individuals named and corporation existed in the County of Alameda. Plaintiff is a resident of Alameda County, thereby making the Alameda Division of the above-untitled court a proper venue to bring this action.

IV   PLAINTIFF

4.    Plaintiff JAMES SETTLE, an African American male over the age of 40 is an individual, now residing in the State of California, who suffered damages as a result of the

2

defendants conduct, as alleged herein, during the course of his employment contract with named defendants and WACKENHUT.

V    DEFENDANTS

5.    Defendants are responsible for the acts herein alleged.

a. On information and belief, plaintiff alleges that defendants named individuals defendants Bonnie Sutterfield, Dale Schmidt, Janice Woelffer and WACKENHUT a private corporation located in the County of Alameda, State of California, are responsible for the acts alleged herein by and through its agents and employees.

b. Plaintiff does not know the true names and capacities of Defendants sued as DOES 1 through 10, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

c. Plaintiff is informed and believes and thereon alleges that all Defendants are responsible in some manner for the acts, incidents, occurrences and events herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by Defendant's conduct.

VI    FACTS OF THE CASE

6.    Plaintiff was hired by WACKENHUT on April 9, 2003. Plaintiff suffered the various maladies and acts of discrimination during his tenure of work and still suffers these various maladies and acts of discrimination as he is still employed by WACKENHUT.

7.    Plaintiff complains of discrimination based on age, race, sex, disparaging treatment, conspiracy and wrongful termination. Plaintiff also complains of intentional infliction of emotional distress and negligent infliction of emotional distress.

8.    Plaintiff, African American male over 40 years of age and as such complains that he was discriminated against because of his age. Other non-African American employees were treated differently to plaintiff's detriment based on his age. Non-African American employees were promoted who were younger than plaintiff strictly based on their age.

9.    Racial discrimination as described in the Civil Rights Act of 1964 and amended by the Civil Rights Act of 1991, 42 U.S.C. 2000 et seq. ("Title VII") is described as any treatment suffered by an individual that is different from treatment of other individuals based upon race. Other non-African American employees were treated differently to plaintiff's

detriment based on his race and promoted to higher positions that did not possess plaintiff's skills and abilities. For example plaintiff was accused of being tardy and was written up. Other non-African American employees when tardy were not written up. Plaintiff was forced to take an exam in order to be promoted to a higher position. A white employee was hired without taking the exam for the same position plaintiff was required to take an exam. Additionally this white employee did not even have a security officer card, which is a requirement for the position.

10.    Sexual discrimination as described in the Civil Rights Act of 1964 and amended by the Civil Rights Act of 1991, 42 U.S.C. 2000 et seq. ("Title VII") is described as any treatment suffered by an individual that is different from treatment of other individuals based upon sex. Other non-male employees were treated differently to plaintiff's detriment based on his sex. Female employees were promoted to higher positions that did not possess plaintiff's skills and abilities. Females who did not make their 90-day probation and called off twice during the 90-day probation were promoted over plaintiff to his detriment.

11.    Hostile work environment is any work environment wherein a person is treated in a hostile manner in the work place. Plaintiff was forced to work in a hostile work environment. Every time plaintiff was late he was written up. Other employees when they were late were not written up. Dale Schmidt before becoming a manager stated he was going to hurt a lot of people, specifically plaintiff. Plaintiff possesses computer skills based on classes he has taken. Other employees who lacked the computer skills of plaintiff were promoted over plaintiff to positions that required computer skills resulting in plaintiff not receiving the pay to which he was entitled.

12.    Retaliation is whenever a plaintiff has a legal right to complain and does in fact complain and then suffers a mistreatment because of their complaint. Harassment is defendants' continually mistreating plaintiff because of their complaints. Wrongful termination is when a plaintiff is removed from a job or work site for retaliation and or harassment. Plaintiff complained of his treatment to upper management at WACKENHUT. This resulted in more write-ups and finally removal from the Chevron facility. This is retaliation, harassment and wrongful termination from a site.

13.    Slander is an erroneous and intentional statement made to another person, against the complainant for the shear purpose of injuring complainant. Plaintiff was slandered in

that defendants stated he lacked the computer skills he stated he had. Plaintiff has certificates as well as work experience to prove he has the requisite computer skills necessary.

14.    Intentional infliction of emotional distress is the intentional causing of emotional distress by defendants that is intentional, vicious, and malicious and used to cause harm to plaintiff. The complaints plaintiff made and complained of caused him to suffer emotional distress. This is intentional infliction of emotional distress. Plaintiff has sought medical attention for his emotional distress. Defendants actions were intentional, malicious, vicious and without regard to plaintiff's well being.

15.    Negligent infliction of emotional distress is when defendants negligently and without cause emotionally harm a plaintiff. Plaintiff also suffered because of defendant's negligent infliction of emotional distress in that defendants negligently allowed management to treat plaintiff in the fashion they did.

16.    Harassment is the continuing mistreatment of plaintiff after plaintiff has legally brought forth a complaint to management and management rather than adhering to the complaint either continues to allow the harassment or does nothing to cease the harassment. Plaintiff has been harassed since bringing the above complaints to the attention of defendants and continues to be harassed because of his complaints.

17.    False imprisonment is the holding of a plaintiff against his will. Plaintiff has been denied the right to leave defendants premises to his detriment.

18.    Conspiracy is when two or more persons plan and carry out or attempt to carry out a plan meant to damage the plaintiff. Bonnie Sutterfield, Dale Schmidt, Janice Woelffer and DOES 1-10 have all conspired to stop plaintiff from reaching his potential both in pay, promotion and benefits. Marital problems between plaintiff and spouse arose because of the problems created by defendants at work. A husband and wife are precluded from working at the same facility, Veronica Torres and her husband Miguel Ruiz worked at the same site.    Miguel Ruiz, husband, who wasn't qualified and wasn't a US citizen received a job plaintiff should have gotten because of the conspiracy between Bonnie Sutterfield, Dale Schmidt and Janice Woelffer. Veronica Torres also advertised her personal business using the company computer, this was totally against company policy and she was habitually late. When plaintiff complained about this, he was written up. Management conspired to have plaintiff removed from his work site at

Chevron because of his complaints. Plaintiff currently is working at a radioactive site where mountain lions rattle snakes and bees place him in imminent peril and for less pay.

VII    DEMAND FOR JURY TRIAL

19.    Plaintiff hereby demands a jury trial in the above-entitled action.

WHEREFORE, Plaintiff prays for a judgment as hereinafter set forth.

VIII    PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray the Court to enter a declaratory judgment that the polices and practices complained of herein are unlawful and volatile of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution, 42 U.S.C.§§ 1981 and 1983, and other applicable Federal, State and local law. Modify practices, policies and usages set forth herein and all other practices shown to be in violation of applicable law so that they do not discriminate on the basis of race or color.

Compensate and make Plaintiff whole for all damages he has sustained, and may hereafter suffer, as a result of the unconstitutional and unlawful deprivation of Plaintiff's rights and privileges in the sum of $1,000,000, for each count, according to proof.

An award of punitive and exemplary damages to Plaintiff in the sum of $3,000,000 or more.

An award of all legal cost and fees.

Dated: 9/25/07

James Settle

# VERIFICATION

I, JAMES SETTLE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _25_ day of SEPTEMBER, 2007, at _Hayward_, California _94541_.


_____
JAMES SETTLE

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James Settle<br>4721 Nicol Commons #103<br>Livermore, CA 94550<br>TELEPHONE NO. 510-998-0297   FAX NO.<br>ATTORNEY FOR (Name): | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>SEP 25 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By LYNN WILEY<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS: same
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME:

CASE NAME:
Settle vs Wachenhut et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: VG07347918 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c [ ] punitive
4. Number of causes of action (specify): 16
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/25/07

James Settle
(TYPE OR PRINT NAME)                          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Wackenhunt Corp., Bonnie Sutterfield, Dale Schmidt, Janice Woelffer and DOES 1-10.

ENDORSED
FILED
ALAMEDA COUNTY

SEP 25 2007

CLERK OF THE SUPERIOR COURT

By        LYNN WILEY

Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James Settle

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Gail Schenone Hall of Justice, Alameda County Superior Court, 5672 Stoneridge Drive, Pleasanton, CA 94588 | **CASE NUMBER**<br>*(Número del Caso):*<br>VG07347918 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Settle, 4721 Nicol Commons #103, Livermore, CA 94550 (510) 998-0297

| | | | |
|---|---|---|---|
| DATE<br>*(Fecha)* | SEP 25 2007 | PAT SWEETEN<br>EXECUTIVE OFFICE/CLERK<br>Clerk, by<br>*(Secretario)* | LYNN WILEY        , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1

<u>PROOF OF SERVICE</u>

2

    I am a resident of the State of California, over the age of eighteen years, and not a party

3

to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite 4900, Los Angeles, CA  90071.  On **July 3, 2008**, I served the within documents:

4

    **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS**

5

**THE WACKENHUT CORPORATION; JANICE WOELFFER AND DALE SCHMIDT MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

6

7

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

9

☐  by placing the document(s) listed above in a sealed envelope with postage thereon

10

fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

11

☒  by placing a true copy thereof enclosed in a sealed envelope, at a station designated

12

for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

13

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated

14

for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described

15

below, addressed as follows:

16

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by

17

Express Mail by U.S. post office as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

18

19

        James Settle
        4721 Nicol Commons, #103
        Livermore, CA  94550

20

        Tel: (925) 998-0297
        *Plaintiff in Pro Per*

21

    I am readily familiar with the firm's practice of collection and processing correspondence

22

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

23

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

24

    I declare under penalty of perjury under the laws of the State of California that the above

25

is true and correct.

26

    Executed on **July 3, 2008** at Los Angeles, California.

27

28

                                        Kimberley M. Davison