1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MICHELLE L. STEINHARDT  (SBN: 235149)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA  90071
4  Telephone:  (213) 576-5000
   Facsimile:  (213) 680-4470
5
   Attorneys for Defendants
6  THE WACKENHUT CORPORATION
   JANICE WOELFFER AND DALE SCHMIDT
7

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10
   JAMES SETTLE, an individual        )  CASE NO. C 7-05813 JSW
11                                     )
                 Plaintiff,            )
12                                     )
                 vs.                   )  [PROPOSED] ORDER GRANTING
13                                     )  DEFENDANTS THE
                                       )  WACKENHUT CORPORATION,
14                                     )  JANICE WOELFFER AND DALE
   WACKENHUT CORP. BONNIE              )  SCHMIDT'S MOTION FOR
15 SUTTERFIELD, DALE SCHMIDT,          )  SUMMARY JUDGMENT OR IN
   JANICE WOELFFER, DOES 1-10,         )  THE ALTERNATIVE MOTION
16                                     )  FOR PARTIAL SUMMARY
                                       )  JUDGMENT
17                                     )
                                       )  Date:  August 8, 2008
18               Defendants.           )  Time:  9:00 a.m.
                                       )  Courtroom: 2
19                                     )
                                       )  [Filed and served concurrently with
20                                     )  Notice of Motion; Memorandum of
                                       )  Points and Authorities; Declaration of
21                                     )  Michelle Steinhardt; Request for
                                       )  Judicial Notice]
22                                     )
                                       )  (Alameda County Superior Case No.
23                                     )  VG07347918)
                                       )
24                                     )
                 _____    )
25

26      This Court, having considering the Motion of Defendants The Wackenhut

27 Corporation, Dale Schmidt and Janice Woelffer for summary judgment or in the

28 alternative motion for partial summary judgment, including the briefs and

                                    -1-
   [PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONFOR SUMMARY JUDGMENT OR IN THE
          ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

1  affidavits in support and in opposition thereto, finds Defendants The Wackenhut

2  Corporation, Dale Schmidt and Janice Woelffer ("Defendants") are entitled to

3  summary judgment as a matter of law as follows:

4      1.    Defendants are entitled to summary judgment as to Plaintiff's First

5  Claim for Relief for race discrimination pursuant to 42 U.S.C. § 1981 as Plaintiff is

6  unable to identify any material fact in genuine dispute that would establish that

7  Plaintiff was denied a promotion for a pretextual reason.  Plaintiff was denied a

8  promotion for legitimate business reasons.  Additionally an individual supervisor

9  can not be liable for purported discriminatory conduct arising out of personnel

10  decisions.  See *Reno v. Baird* (1998) Cal.4th 640, 663  This Court finds that

11  individual Defendants Dale Schmidt and Janice Woelffer are not employers and

12  cannot be liable for race discrimination under 42 U.S.C. § 1981.  This Court also

13  finds Plaintiff is unable to meet his burden of establishing a prima facie case of

14  race discrimination under 42 U.S.C. § 1981.

15      2.    Defendants are entitled to summary judgment as to Plaintiff's Second

16  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1983 as

17  Plaintiff is unable to identify discriminatory conduct of a state actor as required by

18  42 U.S.C. § 1983.  Additionally, an individual can not be liable for purported

19  discriminatory conduct arising out of personnel decisions.  See *Reno v. Baird*

20  (1998) Cal.4th 640, 663.  This Court further finds that individual Defendants Dale

21  Schmidt and Janice Woelffer are not employers and cannot be liable for race

22  discrimination under 42 U.S.C. § 1983.

23      3.    Defendants are entitled to summary judgment as to Plaintiff's Third

24  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1985 as

25  Plaintiff is unable to establish any material facts in genuine dispute as to the

26  formation and operation of a conspiracy, the wrongful act of any of the

27  conspirators thereto, and damage resulting there from. *117 Sales Corporation v.*

28  *Olsen* (1978) 80 Cal.App.3d 645, 649.  Plaintiff can offer no competent evidence

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

1  of a material fact in genuine dispute to support an actual meeting of the minds

2  between any of the Defendants to form a conspiracy. *Choate v. County of Orange*

3  (2000) 86 Cal. App. 4th 312, 333. Without proof of a conspiracy, Plaintiff is

4  unable to establish a claim for discrimination pursuant to 42 U.S.C. § 1985.

5  Additionally an individual can not be liable for purported discriminatory conduct

6  arising out of personnel decisions. See *Reno v. Baird* (1998) Cal.4th 640, 663.

7  This Court finds that individual Defendants Dale Schmidt and Janice Woelffer are

8  not employers and cannot be liable for race discrimination under 42 U.S.C. § 1985

9      4.    Defendants are entitled to summary judgment as to Plaintiff's Fourth

10  Claim for Relief for any type of discrimination pursuant to 42 U.S.C. § 1986. A

11  claim under 42 U.S.C. § 1986 can not lie without first proving a conspiracy under

12  Section 1985. 42 U.S.C. § 1986. Plaintiff can not establish any material facts to

13  support a Section 1985 conspiracy. Without a valid 42 U.S.C. § 1985 claim,

14  Plaintiff's corollary claim under 42 U.S.C. § 1986 does not survive. Additionally

15  an individual can not be liable for purported discriminatory conduct arising out of

16  personnel decisions. See *Reno v. Baird* (1998) Cal.4th 640, 663. This Court finds

17  that individual Defendants Dale Schmidt and Janice Woelffer are not employers

18  and cannot be liable for race discrimination under 42 U.S.C. § 1986.

19      5.    Defendants are entitled to summary judgment as to Plaintiff's Fifth

20  Claim for Relief for gender/race discrimination pursuant to the Civil Rights Act of

21  1964, as amended by the Civil Rights Act of 1991 as Plaintiff is unable to identify

22  any material fact in genuine dispute that would establish that Plaintiff was denied a

23  promotion for a pretextual reason. Plaintiff was denied a promotion for legitimate

24  business reasons. Additionally an individual can not be liable for purported

25  discriminatory conduct arising out of personnel decisions. See *Reno v. Baird*

26  (1998) Cal.4th 640, 663. This Court finds that individual Defendants Dale

27  Schmidt and Janice Woelffer are not employers and cannot be liable for

28  gender/race discrimination under Civil Rights Act of 1964, as amended by the

1  Civil Rights Act of 1991. This Court finds that Plaintiff is unable to meet his
2  burden of establishing a prima facie case of gender/race discrimination under Civil
3  Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4        6.    Defendants are entitled to summary judgment as to Plaintiff's Sixth
5  Claim for Relief for race/age discrimination pursuant to 42 U.S.C. § 2000 (Title
6  VII) as Plaintiff is unable to identify any material fact in genuine dispute that
7  would establish that Plaintiff was denied a promotion for a pretextual reason.
8  Plaintiff was denied a promotion for legitimate business reasons. Additionally an
9  individual can not be liable for purported discriminatory conduct arising out of
10 personnel decisions. See *Reno v. Baird* (1998) Cal.4th 640, 663 This Court finds
11 that individual Defendants Dale Schmidt and Janice Woelffer are not employers
12 and cannot be liable for race discrimination under 42 U.S.C. § 2000 (Title VII).
13 This Court also finds that Plaintiff is unable to meet his burden of establishing a
14 prima facie case of race/age discrimination under 42 U.S.C. § 2000 (Title VII).

15       7.    Defendants are entitled to summary judgment as to Plaintiff's Seventh
16 Claim for Relief for race/sex discrimination pursuant to California Government
17 Code § 12900 as Plaintiff did not exhaust his administrative remedies prior to
18 bringing the instant lawsuit as required by Cal. Gov. Code § 12965(b). *Martin v.*
19 *Lockheed Missiles & Space Company, Inc.*, (1994) 29 Cal.App.4th 1718, 1724.
20 Even if Plaintiff had exhausted his administrative remedies, Plaintiff is unable to
21 identify any material fact in genuine dispute that would establish that he was
22 denied a promotion for a pretextual reason. Plaintiff was denied a promotion for
23 legitimate business reasons. Additionally an individual can not be liable for
24 purported discriminatory conduct arising out of personnel decisions. See *Reno v.*
25 *Baird* (1998) Cal.4th 640, 663. This Court finds that individual Defendants Dale
26 Schmidt and Janice Woelffer are not employers and cannot be liable for race/sex
27 discrimination under California Government Code § 12900. This Court also finds
28 that Plaintiff is unable to meet his burden of establishing a prima facie case of sex

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONFOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

1    discrimination under California Government Code § 12900.

2        8.   Defendants are entitled to summary judgment as to Plaintiff's Eighth

3    Claim for Relief for wrongful termination in violation of public policy as Plaintiff

4    was never terminated.  A plaintiff must be able to establish the existence of an

5    employer-employee relationship; *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167,

6    172 (1980).  The Court finds that individual moving defendants Dale Schmidt and

7    Janice Woelffer were not Plaintiff's employer and cannot be liable for wrongful

8    termination.    TWC was and continues to be Plaintiff's employer.    Plaintiff

9    understood TWC's policy that an employee's transfer from one facility to another

10   is part of the nature of the security industry and is not a termination.  This Court

11   finds that Plaintiff was not terminated from TWC.

12       9.   Defendants are entitled to summary judgment as to Plaintiff's Ninth

13   Claim for Relief for retaliation as Plaintiff can establish no material in genuine

14   dispute to contradict that he was transferred to another facility due to legitimate

15   business reasons rather than for retaliatory reasons.  Plaintiff did not exhaust his

16   administrative remedies prior to bringing the instant lawsuit against Janice

17   Woelffer as required by Cal. Gov. Code § 12965(b).  *Martin v. Lockheed Missiles*

18   *& Space Company, Inc.*, (1994) 29 Cal.App.4th 1718, 1724.  Additionally, only the

19   "employer" is subject to statutory liability for retaliation against protected

20   applicants and employees.    Individual Defendants Dale Schmidt and Janice

21   Woelfer are not Plaintiff's employer and can not be liable for purported retaliation.

22   *Little v. BP Exploration & Oil Co.* (6th Cir. 2001) 265 F.3d 357, 362; *Reno v.*

23   *Baird*, (1998) Cal.4th 640, 663; *Jones v. The Lodge at Torrey Pines Partnership*

24   (2008) 42 Cal.4th 1158.  Finally, Plaintiff has not pled or offered any facts to

25   demonstrate any other reason for his transfer other than legitimate business

26   reasons.    This Court finds, Plaintiff has not met his burden of establishing

27   retaliation.

28       10.   Defendants are entitled to summary judgment as to Plaintiff's Tenth

1   Claim for Relief for hostile work environment harassment as Plaintiff did not

2   exhaust his administrative remedies prior to bringing the instant lawsuit as required

3   by Cal. Gov. Code § 12965(b). *Martin v. Lockheed Missiles & Space Company,*

4   *Inc.*, (1994) 29 Cal.App.4th 1718, 1724. Plaintiff's allegations relate to managerial

5   decisions and do not qualify as harassment under the law. See *Reno v. Baird*

6   (1998) Cal.4th 640, 663. Additionally, Plaintiff was not subjected to conduct

7   sufficiently severe or pervasive to alter the conditions of his employment and

8   create an abusive working environment. *Aguilar v. Avis Rent a Car System, Inc.*

9   (1999) 21 Cal.4th 121, 130-131. This Court finds, Plaintiff has not met his burden

10  of establishing a hostile work environment harassment.

11         11.    Defendants are entitled to summary judgment as to Plaintiff's

12  Eleventh Claim for Relief for Slander as Plaintiff cannot overcome the conditional

13  privilege given to supervisors to communicate to others in the workplace

14  information regarding an employee's performance, honesty and integrity, and

15  grounds for termination. Plaintiff has not offered any competent evidence that any

16  of the alleged statements made by Defendants were motivated by hatred or ill will.

17  Plaintiff can not establish any material fact in genuine dispute as to his claim for

18  slander.

19         12.    Defendants are entitled to summary judgment as to Plaintiff's Twelfth

20  Claim for Relief for false imprisonment as Plaintiff was never actually confined, a

21  necessary element of false imprisonment. *Scofield v. Critical Air Medical* 45

22  Cal.App.4th 990, 1001 (1996). This Court finds Plaintiff was not falsely

23  imprisoned because Plaintiff is unable to establish any material fact in genuine

24  dispute as to his ever having been confined by any defendant at any time.

25         13.    Defendants are entitled to summary judgment as to Plaintiff's

26  Thirteenth Claim for Relief for intentional infliction of emotional distress as

27  Plaintiff has not been able to demonstrate any material fact in genuine dispute that

28  Defendants conduct was extreme and outrageous. CACI Jury Instruction, No.

1  1600; *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). This Court finds
2  that Plaintiff is unable to establish any material fact in genuine dispute that
3  Plaintiff's distress was of such a substantial quantity or enduring quality that
4  qualifies as intentional infliction of emotional distress.

5       14.   Defendants are entitled to summary judgment as to Plaintiff's
6  Fourteenth Claim for Relief for negligent infliction of emotional distress as
7  Plaintiff has not been able to demonstrate any material fact in genuine dispute that
8  Defendants conduct was so "serious" as to cause emotional distress. CACI Jury
9  Instruction, No. 1600. This Court finds that Plaintiff is unable to establish any
10 material fact in genuine dispute that Plaintiff's actually suffered from negligent
11 infliction of emotional distress.

12      15.   Defendants are entitled to summary judgment as to Plaintiff's
13 Fifteenth Claim for Relief for age discrimination pursuant to 42 U.S.C. § 1981 as
14 Plaintiff is unable to identify any material fact in genuine dispute that would
15 establish that Plaintiff was denied a promotion for a pretextual reason. Plaintiff
16 was denied a promotion for legitimate business reasons. Additionally an
17 individual can not be liable for purported discriminatory conduct arising out of
18 personnel decisions. See *Reno v. Baird* (1998) Cal.4th 640, 663. This Court finds
19 that individual Defendants Dale Schmidt and Janice Woelffer are not employers
20 and cannot be liable for age discrimination under 42 U.S.C. § 1981. This Court
21 also finds Plaintiff is unable to meet his burden of establishing a prima facie case
22 of age discrimination under 42 U.S.C. § 1981.

23      16.   Defendants are entitled to summary judgment as to Plaintiff's
24 Sixteenth Claim for Relief for age discrimination pursuant to California
25 Government Code § 12900 as Plaintiff did not exhaust his administrative remedies
26 prior to brining the instant lawsuit as required by Cal. Gov. Code § 12965(b).
27 *Martin v. Lockheed Missiles & Space Company, Inc.*, (1994) 29 Cal.App.4th 1718,
28 1724. Even if Plaintiff had exhausted his administrative remedies, he is unable to

1    identify any material fact in genuine dispute that would establish that Plaintiff was

2    denied a promotion for a pretextual reason. Plaintiff was denied a promotion for

3    legitimate business reasons. Additionally an individual can not be liable for

4    purported discriminatory conduct arising out of personnel decisions. See *Reno v.*

5    *Baird* (1998) Cal.4th 640, 663. This Court finds that individual Defendants Dale

6    Schmidt and Janice Woelffer are not employers and cannot be liable for race

7    discrimination under California Government Code § 12900.This Court also finds

8    that Plaintiff is unable to meet his burden of establishing a prima facie case of age

9    discrimination under California Government Code § 12900.

10         17. Defendants are entitled to summary judgment as to Plaintiff's

11    Seventeenth Claim for Relief for conspiracy as Plaintiff is unable to establish any

12    material facts in genuine dispute as to the formation and operation of a conspiracy,

13    the wrongful act of any of the conspirators thereto, and damage resulting there

14    from. *117 Sales Corporation v. Olsen* (1978) 80 Cal.App.3d 645, 649. This Court

15    finds Plaintiff can offer no competent evidence of a material fact in genuine

16    dispute to support an actual meeting of the minds between any of the Defendants to

17    form a conspiracy. *Choate v. County of Orange* (2000) 86 Cal. App. 4th 312, 333.

18         18. Defendants are entitled to summary judgment as to Plaintiff's claim

19    for punitive damages as Plaintiff has not been able to offer evidence of clear and

20    convincing proof Defendants conduct was reprehensible conduct that is "base, vile

21    or contemptible." *Shade Foods v. Innovative Product Sales*, (2000) 78 Cal.App.4th

22    847, 891; Cal. Civ. Code § 3294.

23

24    IT IS SO ORDERED:

25

26    Dated:

27                                  Judge of the U.S. District Court

28

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONFOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA  90071

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite 4900, Los Angeles, CA  90071.  On **July 3, 2008,** I served the within documents:

[PROPOSED] ORDER GRANTING DEFENDANTS THE WACKENHUT CORPORATION, JANICE WOELFFER AND DALE SCHMIDT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☒   by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐   by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐   by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Express Mail by U.S. post office as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

James Settle
4721 Nicol Commons, #103
Livermore, CA  94550
Tel: (925) 998-0297
*Plaintiff in Pro Per*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 3, 2008** at Los Angeles, California.

Kimberley M. Davison