IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SETTLE,<br><br>    Plaintiff,<br><br>  v.<br><br>WACKENHUT CORP.; BONNIE SUTTERFIELD; DALE SCHMIDT; JANICE WOELFFER; and DOES 1-10,<br><br>    Defendants. | No. C 07-05813 JSW<br><br>**ORDER RESETTING HEARING DATE AND SETTING BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

      This matter is currently set for a hearing on August 8, 2008 at 9:00 a.m. on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine dispute regarding any material issue of fact. Having not received a timely opposition brief to the motion, the Court HEREBY VACATES the hearing date and RESETS the hearing for **November 7, 2008 at 9:00 a.m.**

      Plaintiff James Settle's opposition brief shall be filed and served no later than **August 15, 2008** and Defendants' reply brief shall be filed and served no later than **August 29, 2008**.

      Plaintiff Settle has an obligation to file an opposition to Defendants' motion for summary judgment and failure to do so may result in the **dismissal** of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc).

A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp*., 477 at 323. In opposing summary judgment, Settle is not entitled to rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Settle's response must set forth specific facts supported by admissible evidence, *i.e*., affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d at 953-54.

Accordingly, Plaintiff has until **August 15, 2008**, to file an opposition to Defendants' motion. Defendants may file a reply brief no later than **August 29, 2008**. If no opposition is filed, summary judgment may be granted and Plaintiff's case will be dismissed.

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

1  **IT IS SO ORDERED.**

2  Dated:

3  JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES SETTLE,

        Plaintiff,

  v.

WACKENHUT CORP et al,

        Defendant.

Case Number: CV07-05813 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Settle
4721 Nicol Commons #103
Livermore, CA 94550

Dated: July 23, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk