1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MICHELLE L. STEINHARDT  (SBN: 235149)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA  90071
4  Telephone:  (213) 576-5000
   Facsimile:  (213) 680-4470
5
   Attorneys for Defendants
6  THE WACKENHUT CORPORATION
   JANICE WOELFFER AND DALE SCHMIDT
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES SETTLE, an individual        )  CASE NO. C 7-05813 JSW
                                      )
12            Plaintiff,              )
                                      )
13      vs.                           )  DEFENDANTS' OBJECTIONS TO
                                      )  EVIDENCE IN REPLY TO
14                                    )  PLAINTIFF'S JAMES SETTLE'S
                                      )  OPPOSITION TO DEFENDANTS'
15 WACKENHUT CORP. BONNIE             )  MOTION FOR SUMMARY
   SUTTERFIELD, DALE SCHMIDT,         )  JUDGMENT OR IN THE
16 JANICE WOELFFER, DOES 1-10,        )  ALTERNATIVE MOTION FOR
                                      )  PARTIAL SUMMARY JUDGMENT
17                                    )
                                      )  Date:  November 7, 2008
18            Defendants.             )  Time:  9:00 a.m.
                                      )  Courtroom: 2
19                                    )
                                      )
20                                    )
                                      )  (Alameda County Superior Case No.
21                                    )  VG07347918)
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
25 _____)

26     Defendants The Wackenhut Corporation, Dale Schmidt and Janice Woellfer

27 (collectively hereinafter referred to as "Defendants") hereby object to the

28 following evidence presented by Plaintiff James Settle in opposition to

*(left margin, vertical text)* Gordon & Rees LLP  633 West Fifth Street  Suite 4900  Los Angeles, CA 90071

1  Defendants' Motion for Summary Judgment or in the alternative Motion for Partial
2  Summary Judgment set for hearing on November 7, 2008 at 1:30 p.m. before this
3  court: ¶

4        1.    Defendants object to Plaintiff James Settle's Answer to Defendants'
5  Motion for Summary Judgment ("Answer") as Plaintiff attempts to use his answer
6  as an unverified declaration.  Plaintiff's improper declaration/Answer does not
7  meet the standards set forth in *Federal Rules of Civil Procedure*, Rule 56(e).  The
8  declaration is not set forth under penalty of perjury under the laws of the United
9  States or based upon personal knowledge as required by *Federal Rules of*
10 *Evidence,* Rule 603.  The Answer is based upon hearsay, irrelevant anecdotes,
11 speculation, lay opinion, lack of personal knowledge, and conclusory statements.
12 (FED. R. EVID. 402, 601, 801, 805, 901).  Plaintiff has failed to present any
13 competent evidence in opposition to Defendants' Motion for Summary Judgment.

14       2.    Defendants object to the e-mail from Bonnie Sutterfield, dated
15 January 14, 2005 attached as Exhibit A, page 14 of 49, of the Answer on the
16 grounds that Plaintiff has failed to authenticate and provide a proper foundation for
17 reliance upon this document.  (FED. R. EVID. 901).  Defendants further object on
18 the ground that this document is irrelevant as it fails to relate to any of the claims
19 for relief in Plaintiff's Complaint.   Evidence which is not relevant is not
20 admissible.   (FED. R. EVID. 402).   Accordingly, Exhibit A is inadmissible.
21 Defendants further object on the ground that the e-mail communication is hearsay
22 and therefore inadmissible. (FED. R. EVID. 801).

23       3.    Defendants object to the e-mail from Dale Schmidt, dated May 5,
24 2005, attached as Exhibit 1B, page 15 of 49 of the Answer on the grounds that
25 Plaintiff has failed to authenticate and provide a proper foundation for reliance
26 upon this document. (FED. R. EVID. 901). Defendants further object on the ground
27 that the handwritten comment that "DeLoach will attest to this statement as false"
28 is unsupported.  The e-mail communication and the handwritten statement are

1    inadmissible hearsay because the evidence is offered for the truth of the matter

2    contained therein. (FED. R. EVID. 801).

3        4.    Defendants object to portions of The Wackenhut Corporation's

4    polices and procedures attached as Plaintiff's Exhibit C, parts 1 and 2, pages 16

5    through 17 of 49 of the Answer on the grounds that Plaintiff has failed to

6    authenticate and provide a proper foundation for reliance upon this document.

7    (FED. R. EVID. 901). In addition, Plaintiff passed his probationary period several

8    years earlier and therefore the reference to a probationary period is irrelevant and

9    inadmissible. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402) In addition,

10   the evidence offered in Exhibit 1B is inadmissible hearsay as the evidence is

11   submitted for the truth of the matter contained therein. (FED. R. EVID. 801).

12       5.    Defendants object to the document entitled "Chevron Park Security

13   Scheduling Forecast" attached as Exhibit 1D, page 18 of 49 of the Answer on the

14   grounds that Plaintiff has failed to authenticate and provide a proper foundation for

15   reliance upon this document. (FED. R. EVID. 901). Defendants further object on

16   the ground that this document is irrelevant as it fails to relate to any of claims for

17   relief in Plaintiff's Complaint. The document appears to be an attendance card for

18   an employee names Veronica Torres. Torres is not a party to this litigation and

19   therefore Torres' attendance record has no relevance to the instant litigation.

20   Evidence which is not relevant is not admissible. (FED. R. EVID. 402).

21       6.    Defendants object to the e-mail from Security San Ramon dated

22   February 28, 2005 attached as Exhibit 1, part 2D, page 19 of 49 of the Answer on

23   the grounds that Plaintiff has failed to authenticate and provide a proper foundation

24   for reliance upon this document. (FED. R. EVID. 901). Defendants object as the e-

25   mail was neither sent to or from Plaintiff, nor does the content relate to Plaintiff.

26   Therefore, Exhibit 2D is irrelevant and inadmissible. (FED. R. EVID. 402).

27   Defendants further object on the ground that the e-mail communication is

28   inadmissible hearsay since the evidence is submitted for the truth of the matter

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  contained therein.  (FED. R. EVID. 801).

2      7.    Defendants object to the e-mails to and from Veronica Torres attached

3  as Exhibit 1, part 3D, page 20 of 49 of the Answer on the grounds that Plaintiff has

4  failed to authenticate and provide a proper foundation for reliance upon this

5  document.  (FED. R. EVID. 901).  Defendants object as the e-mail was neither sent

6  to or from Plaintiff, nor does the content relate to Plaintiff.  Therefore Exhibit 3D

7  is irrelevant and inadmissible.  (FED. R. EVID. 402).  Defendants further object on

8  the ground that the e-mail communication is inadmissible hearsay since the

9  evidence is submitted for the truth of the matter contained therein.  (FED. R. EVID.

10  801).

11      8.    Defendants object to the e-mails to and from Security San Ramon,

12  attached as Exhibit E, pages 21 through 23 of 49 of the Answer on the grounds that

13  Plaintiff has failed to authenticate and provide a proper foundation for reliance

14  upon these documents.  (FED. R. EVID. 901).  Defendants object as the e-mails were

15  neither sent to or from Plaintiff, nor did the content relate to Plaintiff.  Therefore

16  Exhibit E is irrelevant and inadmissible.  (FED. R. EVID. 402).  Defendants further

17  object on the ground that the e-mail communications are inadmissible hearsay

18  because the evidence is submitted for the truth of the matter contained therein.

19  (FED. R. EVID. 801).

20      9.    Defendants object to Plaintiff's Certificates of Completion attached as

21  Exhibit 2, pages 24 through 45 of 49 of the Answer on the grounds that Plaintiff

22  has failed to authenticate and provide a proper foundation for reliance upon this

23  document.   (FED. R. EVID. 901).   Defendants object as the  Certificates of

24  Completion relate to tax preparation and not to Plaintiff's work as a security

25  officer.  Therefore Exhibit 2 is irrelevant and inadmissible.  (FED. R. EVID. 402).

26  Further, the documents are offered for the truth of the matter asserted and are

27  therefore inadmissible hearsay evidence.  (FED. R. EVID. 801).

28      10.    Defendants object to Plaintiff's Exhibit B, entitled "Progress Report"

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  dated December 3, 1998, page 46 of 49 of the Answer on the grounds that Plaintiff

2  has failed to authenticate and provide a proper foundation for reliance upon this

3  document. (FED. R. EVID. 901). Defendants object as the progress report is related

4  to work completed in 1998 which is more than 5 years prior to Plaintiff's

5  allegations contained in his Complaint. In addition, Plaintiff fails to explain what

6  the Progress Report relates to, how it was obtained and how the information was

7  recorded. Therefore Exhibit B is irrelevant and inadmissible. (FED. R. EVID. 402).

8  Defendants object to the Progress Report as inadmissible hearsay evidence since

9  the document is submitted for the truth of the matter contained therein. (FED. R.

10  EVID. 801).

11       11.    Defendants object to Plaintiff's "Test Results" attached as Exhibit A,

12  dated May 4, 2005, page 47 of 49 of Plaintiff's Answer on the grounds that

13  Plaintiff has failed to authenticate and provide a proper foundation for reliance

14  upon this document. In addition, Plaintiff has failed to provide a copy of the test

15  for Defendants to review in conjunction with the Test Results. (FED. R. EVID.

16  901). Defendants are unaware how the Test Results are relevant to the instant

17  litigation, if at all. (FED. R. EVID. 402). Defendants object to the Test Results as

18  inadmissible hearsay evidence since the document is submitted for the truth of the

19  matter contained therein. (FED. R. EVID. 801).

20       12.    Defendants object to the letter to Mr. Settle dated May 14, 1999

21  attached as 2 of 2, page 48 of 49 of 49 (no exhibit number) to Plaintiff's Answer

22  on the grounds that Plaintiff has failed to authenticate and provide a proper

23  foundation for reliance upon this document. (FED. R. EVID. 901). Defendants

24  object as the notice of achievement fails to state what Plaintiff achieved and

25  therefore this document contains no relevance to the instant litigation. In addition,

26  the vague and ambiguous achievement award was presented in 1999, over five

27  years prior to Plaintiff's instant lawsuit. Therefore this letter is irrelevant and

28  inadmissible. (FED. R. EVID. 402). Further, the document is offered for the truth of

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  the matter asserted and is therefore inadmissible hearsay evidence. (FED. R. EVID.
2  801).

3      13.    Defendants object to Plaintiff's Certificate of Achievement, attached
4  as evidence to Plaintiff Answer on page 49 of 49 (no exhibit number) on the
5  grounds that Plaintiff has failed to authenticate and provide a proper foundation for
6  reliance upon this document.  (FED. R. EVID. 901).  Defendants object as a
7  Certificate of Achievement related to tax preparation is irrelevant to Mr. Settle's
8  work as a security officer.  Therefore, page 49 of 49 is irrelevant and inadmissible.
9  (FED. R. EVID. 402).  Further, this document is offered for the truth of the matter
10 asserted and is therefore inadmissible hearsay evidence. (FED. R. EVID. 801).

11     14.    Defendants object to Plaintiff's "Field of Study" certificate attached to
12 Plaintiff's Answer, on 1 of 41 (no exhibit number) on the ground that Plaintiff has
13 failed to authenticate and provide a proper foundation for reliance upon this
14 document.  (FED. R. EVID. 901).  Defendants object as a coursework related to
15 accounting is irrelevant to work as a security officer.  Therefore, page 1 of 41 is
16 irrelevant and inadmissible.  (FED. R. EVID. 402).  Further, this document is
17 inadmissible hearsay evidence since it is offered for the truth of the matter
18 asserted. (FED. R. EVID. 801).

19     15.    Defendants object to Plaintiff's "Certificate of Attendance" attached
20 to Plaintiff's Answer on page 3 of 41 (no exhibit number) on the ground that
21 Plaintiff has failed to authenticate and provide a proper foundation for reliance
22 upon this document.  (FED. R. EVID. 901).  Defendants object as the Certificate of
23 Attendance at a Microsoft Access workshop in no way attests to Plaintiff's skill in
24 the use of Microsoft Access.  Further, this Certificate of Attendance was obtained
25 after Plaintiff was denied his promotion.  Therefore, this Certificate of Attendance
26 is irrelevant to Plaintiff's claims and is inadmissible.  (FED. R. EVID. 402).  Lastly,
27 this document is inadmissible hearsay evidence since it is offered for the truth of
28 the matter asserted. (FED. R. EVID. 801).

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

16.     Defendants object to Plaintiff's "Certificate of Attendance" attached to Plaintiff's Answer on page 4 of 41 (no exhibit number) on the ground that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document. (FED. R. EVID. 901). Defendants object as the Certificate of Attendance at a Microsoft Excel workshop in no way attests to Plaintiff's skill in the use of Microsoft Excel. Further, this Certificate of Attendance was obtained after Plaintiff was denied his promotion. Therefore this Certificate of Attendance is irrelevant to Plaintiff's claims and is inadmissible. (FED. R. EVID. 402). Further, this document is inadmissible hearsay evidence since it is offered for the truth of the matter asserted. (FED. R. EVID. 801).

17.     Defendants object to Plaintiff's "Certificate of Attendance" attached to Plaintiff's Answer on page 5 of 41 (no exhibit number) on the ground that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document. (FED. R. EVID. 901). Defendants object as the Certificate of Attendance at a Microsoft Excel workshop in no way attests to Plaintiff's skill in the use of Microsoft Excel. Further, this Certificate of Attendance was obtained after Plaintiff was denied his promotion. Therefore this Certificate of Attendance is irrelevant to Plaintiff's claims and is inadmissible. (FED. R. EVID. 402). Further, this document is inadmissible hearsay since it is offered for the truth of the matter asserted. (FED. R. EVID. 801).

18.     Defendants object to the letter written by Thomas Neal dated July 15, 2005 attached Exhibit 3, page 6 of 41 repeated at page 37 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document. (FED. R. EVID. 901). Defendants object as the refinance was neither sent to or from Plaintiff. Therefore Exhibit 3 is irrelevant and inadmissible. (FED. R. EVID. 402). Defendants further object on the ground that this letter is offered for the truth of the matter asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

19.    Defendants object to the e-mail from Security San Ramon dated February 27, 2004 attached Exhibit 3, page 7 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document. (FED. R. EVID. 901). Defendants object as the e-mail was neither sent to or from Plaintiff, nor did the content relate to Plaintiff. Therefore, Exhibit 3 is irrelevant and inadmissible.    (FED. R. EVID. 402). Defendants further object on the ground that this letter is offered for the truth of the matter asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

20.    Defendants object to the document entitled "Professional Ethics" attached as Exhibit 4, pages 8 through 11 of 41 to Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon these documents. (FED. R. EVID. 901). Defendants further object on the ground that the Professional Ethics documents are offered for the truth of the matter asserted and are therefore inadmissible hearsay. (FED. R. EVID. 801).

21.    Defendants object to the letter written by Alberto-Baladegjo Perez dated June 15, 2005 attached as Exhibit 5, page 12 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document. (FED. R. EVID. 901). Defendants further object on the ground that the declaration of Alberto Baladejo-Perez is offered for the truth of the matter asserted and the entire declaration is therefore inadmissible hearsay. (FED. R. EVID. 801). The following statements are also hearsay within hearsay and therefore must be excluded as well:

A.    "I am writing this letter because you have told me, that when you filed a grievance for discrimination that the account manager Bonnie Sutterfield alleged (blaming me) that I was causing the discrimination at Wackenhut/Chevron Corporation."

B.    "And demonstrates the incompetence and how desperate Bonnie is to conceal her intentions."

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

C.    "As you will see, I was non-participant in the smear and harassment campaign you underwent that Bonnie Sutterfield and Dale Schmidt were administering against you."

A.    "Within weeks of his [Dale Schmidt's] promotion, Dale Schmidt frequently disparaged mister James Settle and discussed privileged communication about mister J. Settle.  I observed that Dale Schmidt had a tendency to embellish events for the purpose of making a case."

B.    "Among other Wackenhut employees, which Schmidt told me were targeted for termination, Schmidt forecasted J. Settle as a target for termination."

C.    "Dale Schmidt ridiculed your speech mannerisms and langue use and called you names."

D.    "Dale Schmidt committed a smear campaign against you and pitted first line supervisors in attempt to destroy your character and have you removed."

E.    "I perceived Dale Schmidt had created a hostile environment."

F.    "I really felt Schmidt's behavior was extremely unprofessional, demeaning, and disrespectful for him to discuss co-workers personal matters and treat you this way."

G.    I, also, noticed that first line managers, like Arthur Talley, were looking for any discrepancy in your James work performance to aid their plans to remove you."

H.    "It appeared that you were being hunted."

I.    "At one point, I became really tired with Schmidt obnoxious behavior and unprofessional attitude, that I raised the above issues with the account manger, branch manager, and even corporate official."

J.    "I prepared a very generous file on the issues and provided a copy to the Security Officers Union."

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

K.    "Unfortunately, my complaints fell on deaf ears.  I believe that you were treated unjustly." (FED. R. EVID. 805).

Defendants further object to Mr. Baladejo-Perez' legal conclusion that the foregoing statement are defamatory, bias and created a hostile work environment. Further, Defendants object on the grounds that the declaration of Mr. Baladejo-Perez is not under penalty of perjury. (FED. R. EVID. 603).

22.    Defendants object to the e-mail from Security San Ramon dated May 8, 2005 attached as Exhibit 6, page 13 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document.  (FED. R. EVID. 901).    Defendants further object on the ground that the e-mail communication is offered for the truth of the matter asserted and is therefore inadmissible hearsay.  (FED. R. EVID. 801, 805).  Finally, Defendant objects on the basis that this document is based upon speculation and legal conclusions.

23.    Defendants object to the e-mails to and from Dale Schmidt dated May 19, 2005 attached as Exhibit 7, page 14 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document.  (FED. R. EVID. 901).    Defendants object as the e-mail was neither sent to or from Plaintiff, nor did the content relate to Plaintiff.  Therefore, Exhibit 7 is irrelevant and inadmissible.  (FED. R. EVID. 402).    Defendants further object on the ground that these e-mail communications are hearsay and therefore inadmissible.  (FED. R. EVID. 801).  Finally, Defendant's object to these e-mails on the basis that Plaintiff has no personal knowledge of the information contained therein. (FED. R. EVID. 602).

24.    Defendants object to the letter from the SEIU dated April 6, 2007 attached as Exhibit 8, page 16 of 41 of Plaintiff's Answer on the grounds that Plaintiff has failed to authenticate and provide a proper foundation for reliance upon this document.  (FED. R. EVID. 901).    Defendants object as this document is

1    irrelevant to the litigation and therefore inadmissible.  All irrelevant evidence must

2    be excluded from evidence.  (FED. R. EVID. 402).

3        25.    Defendants object to Plaintiff's unverified and un-dated chronology

4    attached as Exhibit 9, page 16 of 41 of Plaintiff's Answer on the grounds that

5    Plaintiff has failed to authenticate and provide a proper foundation for reliance

6    upon this document.  (FED. R. EVID. 901).  The information contained in Exhibit 9

7    is not provided under the penalty of perjury and therefore is not admissible.  (FED.

8    R. EVID. 603).   Defendants further object on the ground that the information

9    contained in Exhibit 9 is inadmissible hearsay since it is offered for the truth of the

10   matter asserted.  (FED. R. EVID. 801).  Finally, Defendant's object to Exhibit 9 on

11   the basis that Plaintiff has failed to establish he has personal knowledge of

12   information contained therein. (FED. R. EVID. 602).

13       26.    Defendants object to The Wackenhut Corporation's Human Resources

14   Manual and Sexual Harassment Training attached as Exhibit 9A, page 17 through

15   19 of 41 of the Answer on the grounds that Plaintiff has failed to authenticate and

16   provide a proper foundation for reliance upon this document.  (FED. R. EVID. 901).

17       27.    Defendants object to the e-mail from Bonnie Sutterfield dated May 9,

18   2005 attached as Exhibit 9B page 20 of 41 on the grounds that Plaintiff has failed

19   to authenticate and provide a proper foundation for reliance upon this document.

20   (FED. R. EVID. 901).  Defendants object as the e-mail was neither sent to or from

21   Plaintiff and therefore Plaintiff lacks personal knowledge regarding the creation of

22   Exhibit 9B.  (FED. R. EVID. 602).   Finally, Plaintiff has failed to explain the

23   relevance of Exhibit 9B.  Non relevant evidence is not admissible. (FED. R. EVID.

24   402).

25       28.    Defendants object to the e-mails dated May 9, 2005 attached as

26   Exhibit 9C, page 21 of 41 of the Answer on the grounds that Plaintiff has failed to

27   authenticate and provide a proper foundation for reliance upon this document.

28   (FED. R. EVID. 901).  Defendants object as the e-mails were neither sent to or from

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    Plaintiff and therefore Plaintiff lacks personal knowledge regarding the creation of

2    Exhibit 9C. (FED. R. EVID. 602). Finally, the document is offered for the truth of

3    the matter asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

4      29. Defendants object to the letter from Paulette Nunez/Patti Marom to

5    Harold Harris dated November 2, 2005 attached as Exhibit 9D, page 22 of 41 of

6    the Answer on the grounds that Plaintiff has failed to authenticate and provide a

7    proper foundation for reliance upon this document. (FED. R. EVID. 901).

8    Defendants object as this document was neither sent to or from Plaintiff and

9    therefore Plaintiff has failed to establish he has personal knowledge regarding the

10   creation and the content of Exhibit 9D. (FED. R. EVID. 602). Finally, the document

11   is offered for the truth of the matter asserted and is therefore inadmissible hearsay.

12   (FED. R. EVID. 801)

13     30. Defendants object to the e-mail correspondence between Plaintiff and

14   Denise Rose attached as Exhibit 10 pages 23 through 26 of 41 of the Answer on

15   the grounds that Plaintiff has failed to authenticate and provide a proper foundation

16   for reliance upon the e-mail exchange between James Settle and Denise Rose.

17   (FED. R. EVID. 901). Defendants object to the admission of this document because

18   it is offered for the truth of the matter asserted and is therefore inadmissible

19   hearsay. (FED. R. EVID. 801). Defendants further object as the information

20   contained in Exhibit 10 relates to other The Wackenhut Corporation employees

21   who are not parties to this lawsuit including Harold Harris, Miguel Ruiz, Veronica

22   Torres, and Tim Rocca. References to Plaintiff's third party co-workers are not

23   relevant and are therefore inadmissible. (FED. R. EVID. 402).

24     31. Defendants object to the entire Declaration of Ron DeLoach, pages 27

25   through 30 of 41 because it is offered for the truth of the matter asserted and is

26   therefore inadmissible hearsay. (FED. R. EVID. 801). The following statements are

27   also hearsay within hearsay and therefore must be excluded as well.

28     A. Paragraph 1: "Art Tally, the supervisor at the Chevron site, said he

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

would do whatever he had to do to get ahead."

A.    Paragraph 3:"Richard Knott asked me about Art tardies and I told him."

E.    Paragraph 4: "Dale e-mails me on several occasions to reprimand James Settle on being unshaved."

F.    Paragraph 6:    "Dale told me he wanted Adie Holloway (black) terminated and he tried his best to get him terminated."

G.    Paragraph 8:  "Dale told me he just didn't like Ife Stewart's who is Black."

H.    Paragraph 9:  "Dale threatened declarant's job on several occasions without consulting with Bonnie Sutterfield, the site manager."

I.    Paragraph 10: "Bonnie said, Dale would do many things without her permission."

J.    Paragraph 11: "On 4/15/06, declarant caught Manjit Kair leaving at 1645 when she had recorded on her DAR 1700; she told me Bonnie told her she could do it."

K.    Paragraph 11:  "I told Richard, Bonnie dismissed James Settle for falsifying company documents, but she is doing the same thing."

L.    Paragraph 12:  "On 2/24/06 Lyn Opet-Ramierz arrived to work at 0650, she asked Richard Knott to allow her to put 0600 on her payroll sheet, Bonnie wouldn't mine, Richard recorded 0600 on her time sheet."

M.    Paragraph 14: "Tim Rocca told declarant about the racist comment by Dale." (FED. R. EVID. 805).

Defendants further object as the information contained in Ron DeLoach's declaration relates to other The Wackenhut Corporation employees who are not parties to this lawsuit. References to Plaintiff's third party co-workers and the actions or inactions taken are not relevant and are therefore inadmissible. (FED. R. EVID. 402).    For example, the attendance record of other The Wackenhut

1   Employees is not at issue.  In addition, Ron DeLoach fails to establish he has

2   personal knowledge of any of the facts contained in his declaration.  For instance,

3   Ron DeLoach does not establish how he knows the attendance history of Manjit

4   Kair or the reason why Jamie Musni was not dismissed from the Chevron site.  The

5   lack of personal knowledge is found throughout Ron DeLoach's declaration.  A

6   declaration without person knowledge is unreliable and inadmissible.  (FED. R.

7   EVID. 602).  Further, paragraph 15 calls for speculation.  Whether or not Mr.

8   DeLoach saw attendance forms related to Mr. Settle is irrelevant.  The question is

9   whether the forms actually existed.

10  Further paragraph 15 states in part: "Dale was good at after-the-facts

11  information and creating evidence against you."  This statement lacks foundation.

12  This statement is ambiguous and therefore unreliable.  Unreliable evidence is more

13  prejudicial than probative and must be excluded.  (FED. R. EVID. 403).  The

14  statement in paragraph 13 that Dale is a racist is speculative and an irrelevant lay

15  opinion.  Irrelevant evidence is not admissible.

16  32.    Defendants object to the letter submitted by David Goldman, Exhibit

17  12A, pages 32 through 33 of 41 on the grounds that Plaintiff has failed to

18  authenticate and provide a proper foundation for reliance upon this document.

19  (FED. R. EVID. 901).  Defendants object to the admission of the entire document

20  because it is offered for the truth of the matter asserted and is therefore

21  inadmissible hearsay. (FED. R. EVID. 801).  The following statements are also

22  hearsay within hearsay and therefore must be excluded as well.

23  A.    "…Dale Schmidt threaten the supervisors to reprimand Mr. Settle for

24  any account at Chevron."

25  B.    "Mike Chang told me 'my hands are tied.'"

26  C.    "After I was reassigned Charles Boyd told me that he knew what was

27  going on."

28  D.    "I was in the class, when Andrew Clark of the San Jose branch made

-14-

1   the statement that no husband and wife can work at the same site without the

2   CEO's permission.  After Mr. Clark made this statement, Mr. Settle asked

3   me to be a witness to what he had just stated."

4   Defendants further object as the information contained in Ron DeLoach's

5   declaration relates to other The Wackenhut Corporation employees who are not

6   parties to this lawsuit. References to Plaintiff's third party co-workers and the

7   actions or inactions taken are not relevant and are therefore inadmissible. (FED. R.

8   EVID. 402).  For example, the training of Linda Arrello, attendance of Helma

9   Teitsma, Camille Larrea, Vernica Torres, Richard Carrillo and others, as well as

10   issues John Nelson may have encountered do not relate to whether or not James

11   Settle suffered from the numerous claims for relief listed in his Complaint.  In

12   addition, Mr. Goldman's comment that "..during the last quarter of 2005 Dale

13   Schmidt did grow a beard" is irrelevant since James Settle was not longer working

14   at the Chevron facility during the last quarter of 2005.

15   33.  Defendants object to the letter submitted by Art Talley, Exhibit 12B,

16   page 34 of 41 on the grounds that Plaintiff has failed to authenticate and provide a

17   proper foundation for reliance upon this document.  (FED. R. EVID. 901).

18   Defendants object to the admission of the entire document because it is offered for

19   the truth of the matter asserted and is therefore inadmissible hearsay. (FED. R.

20   EVID. 801).  The following statements are also hearsay within hearsay and

21   therefore must be excluded as well.

22   A.  "Dale Schmidt, the Quality Control Trainer, told me, he had given

23   James Settle a test for the control room operator position."

24   B.  "…[James] had called in to let the job know he was going to be late."

25   C.  "James…explained that his daughter was missing from school and

26   that he didn't know where she was.  He told me her mother had died a

27   couple of months earlier and he was feeling lost concerning what to do with

28   his daughter at the time."

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    In addition, Defendants object to the foregoing statement on the basis that

2    the Art Talley has no personal knowledge whether James Settle was given a test

3    for the control room operator position, whether James Settle called The Wackenhut

4    Corporation to advise if he was going to be late, whether the control room operator

5    failed to record his message, and whether or not Mr. Settle was experiencing

6    family difficulties.  Further, Defendants object on the ground that Mr. Settle's

7    alleged family problems are not relevant to the allegations contained in Mr. Settle's

8    Complaint and therefore are inadmissible.  (FED. R. EVID. 402)    Further Mr.

9    Talley's assertions regarding the meeting he had with Bonnie Sutterfield and Dale

10   Schmidt are irrelevant to the allegations contained in the Complaint and are

11   therefore inadmissible. (*Id.*)

12       34.    Defendants object to the Achievement Award attached as Exhibit

13   13B, page 2 of 41 and repeated on page 38 of 41 of the Answer on the grounds that

14   Plaintiff has failed to authenticate and provide a proper foundation for reliance

15   upon this Hilton Achievement Award. (FED. R. EVID. 901).  Defendants object as a

16   notice of Achievement Award for work for another employer, years prior to the

17   subject of Plaintiff's Complaint is irrelevant to the instant litigation.  Therefore,

18   Exhibit 13B is irrelevant and inadmissible.  (FED. R. EVID. 402).    Further, this

19   document is offered for the truth of the matter asserted and is therefore

20   inadmissible hearsay evidence. (FED. R. EVID. 801).

21       35.    Defendants object to the letter submitted by Jack Haddad attached as

22   Exhibit 13C, pages 39 through 40 of 41 of the Answer on the grounds that Plaintiff

23   has failed to authenticate and provide a proper foundation for reliance upon this

24   letter.  (FED. R. EVID. 901).    Defendants object to the admission of the entire

25   document because it is offered for the truth of the matter asserted and is therefore

26   inadmissible hearsay. (FED. R. EVID. 801).    In addition, Defendants object to the

27   foregoing statement on the basis that Mr. Haddad discusses Mr. Settle's ability to

28   prepare state and federal income taxes.    The preparation of income taxes is

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  completely irreverent to Plaintiff's job as a security officer and the to the

2  allegations in Plaintiff's Complaint.  This letter is irrelevant and therefore

3  inadmissible.  (FED. R. EVID. 402).  Further, Mr. Haddad's lay and speculative

4  opinion of Mr. Settle relates to Mr. Settle's work in the tax realm and not in the

5  security field from which Plaintiff has based his allegations.  Therefore, Mr.

6  Haddad's opinion is irrelevant and inadmissible. (*Id.*)  Finally, Mr. Haddad's letter

7  is not under penalty of perjury and is therefore not admissible.  (FED. R. EVID.

8  603).

9          36.    Defendants object to the Badge Inventory Sheet attached as Exhibit

10  13D, page 41 of 41 of the Answer on the grounds that Plaintiff has failed to

11  authenticate and provide a proper foundation for reliance upon this document.

12  (FED. R. EVID. 901).  In addition, Defendants object to Exhibit 13D on the basis

13  that this document was created after Plaintiff was denied his promotion.  The skills

14  obtained by Plaintiff after the incidents alleged in his Complaint are not relevant to

15  the instant litigation.  The irrelevant Badge Inventory report is inadmissible.  (FED.

16  R. EVID. 402).

17          37.    Defendants object to the Badge Inventory Sheet attached as Exhibit

18  13E, pages 1 through 9 of 28 of the Answer on the grounds that Plaintiff has failed

19  to authenticate and provide a proper foundation for reliance upon the GE Nuclear

20  Center Timesheets and Invoice Reports.   (FED. R. EVID. 901).   In addition,

21  Defendants object to Exhibit 13E on the basis that these documents were created

22  after Plaintiff was denied his promotion at were created for an entirely different

23  site.  The skills obtained by Plaintiff after the incidents alleged in his Complaint

24  are not relevant to the instant litigation.   The irrelevant GE Nuclear Center

25  Timesheets and Invoice Reports report are inadmissible.  (FED. R. EVID. 402)

26          38.    Defendants object to the Registry Log, Exhibit 13F, pages 10 through

27  11 of 28 of the Answer on the grounds that Plaintiff has failed to authenticate and

28  provide a proper foundation for reliance upon the Register Log.  (FED. R. EVID.

1   901).   In addition, Defendants object to Exhibit 13F on the basis that these

2   documents were created after Plaintiff was denied his promotion at were created

3   for an entirely different site.   The skills obtained by Plaintiff after the incidents

4   alleged in his Complaint are not relevant to the instant litigation.   The irrelevant

5   Registry Log is inadmissible. (FED. R. EVID. 402).

6        39.   Defendants object to the photograph of John McDonald attached as

7   Exhibit 14, pages 12 of 28 of the Answer on the grounds that Plaintiff has failed to

8   authenticate and provide a proper foundation for reliance upon the picture of what

9   is purported to be John McDonald. (FED. R. EVID. 901).

10       40.   Defendants object to the Human Resources Manual, Exhibit 15, page

11   13 of 28 of the Answer on the grounds that Plaintiff has failed to authenticate and

12   provide a proper foundation for reliance upon this document.   Defendants further

13   object to the portion of Exhibit 15 highlighted by Mr. Settle which reads as

14   follows:   "All field employees are prohibited from establishing/having a

15   sexual/romantic/dating relationship with any direct or indirect subordinate within

16   the scope of their influence."   This sentence is unrelated to the allegations in

17   Plaintiff's Complaint and is therefore not relevant to the instant litigation.   The

18   Human Resources Manual is inadmissible. (FED. R. EVID. 402).

19       41.   Defendants object to The Wackenhut Corporation's Human Resource

20   Manual attached as Exhibit 15, page 13 of 28 of the Answer on the grounds that

21   Plaintiff has failed to authenticate and provide a proper foundation for reliance

22   upon this document. (FED. R. EVID. 901).   In addition, Defendants object to the

23   admission of the entire document because it is offered for the truth of the matter

24   asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

25       42.   Defendants object to the document entitled "Control Room Operator",

26   Exhibit 16, pages 14 of 41 on the grounds that Plaintiff has failed to authenticate

27   and provide a proper foundation for reliance upon this document. (FED. R. EVID.

28   901).   This document entitled "Control Room Operator" is on improper

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    declaration.  The document fails to explain how Mr. Settle has personal knowledge

2    of information including Miguel Ruiz's green card status, experience as a security

3    officer, computer experience, whether Mr. Ruiz and Ms. Torres had permission to

4    work together and whether Mr. Ruiz held a security guard card.  Defendants object

5    to the admission of the entire document because it is offered for the truth of the

6    matter asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

7    Defendants object to the statement that "Denise Rose, HR, hired Miguel; she

8    addressed those issues on her recorded statement that can be confirmed through

9    discovery."  Evidence not included in Plaintiff's Opposition to Defendants MSJ

10    cannot be considered.  (Fed. R. Civ. P. 56(c)).  In addition, Defendants object to

11    the admission of the declaration as it is not signed and is not submitted under the

12    penalty of perjury.  (FED. R. CIV. P. 56(e); FED. R. EVID. 603).  Defendants hereby

13    incorporate each and every objection contained in its responses to Exhibit 13A-F in

14    paragraphs 18 and through 34-38 above as though set forth in full herein.

15        43.    Defendants object to chronology at Exhibit 17, pages 20 of 28 of the

16    Answer on the grounds that Plaintiff has failed to authenticate and provide a proper

17    foundation for reliance upon this document.  In addition, this document is an

18    improper declaration since Plaintiff has failed to sign the document and sign the

19    document under penalty of perjury.  (FED. R. E VID. 901; 603; Fed. R. Civ. P.

20    56(c)).  The document fails to explain how Mr. Settle has personal knowledge of

21    the information contained therein.  Defendants object to the admission of the entire

22    document because it is offered for the truth of the matter asserted and is therefore

23    inadmissible hearsay. (FED. R. EVID. 801).  Defendants object to the statement that

24    "Bonnie…doesn't hire candid with attendance problems" as inadmissible hearsay.

25    (Id.)

26        44.    Defendants object to the e-mail from Rochelle Cooper dated

27    November 4, 2005 attached as Exhibit 17A, page 21 of 28 to the Answer on the

28    grounds that Plaintiff has failed to authenticate and provide a proper foundation for

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  reliance upon this document. (FED. R. EVID. 901). The document fails to explain

2  how Mr. Settle has personal knowledge of the information contained therein and

3  therefore the e-mail is inadmissible. (FED. R. EVID. 602). Defendants object to the

4  admission of the entire e-mail because it is offered for the truth of the matter

5  asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

6      45.    Defendants object to the e-mail from Rochelle Cooper dated

7  November 7, 2005 attached as Exhibit 17A, page 22 of 28 to the Answer on the

8  grounds that Plaintiff has failed to authenticate and provide a proper foundation for

9  reliance upon this document. (FED. R. EVID. 901). The document fails to explain

10  how Mr. Settle has personal knowledge of the information contained therein and

11  therefore the e-mail is inadmissible. (FED. R. EVID. 602). Defendants object to the

12  admission of the entire e-mail because it is offered for the truth of the matter

13  asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801).

14      46.    Defendants object to the outlined documents attached as Exhibit 17A,

15  pages 23 through 24 of 28 on the grounds that Plaintiff has failed to authenticate

16  and provide a proper foundation for reliance upon this untitled document. (FED. R.

17  EVID. 901). The document fails to explain how Mr. Settle has personal knowledge

18  of the information contained therein and therefore the e-mail is inadmissible. (FED.

19  R. EVID. 602). Defendants object to the admission of the entire e-mail because it is

20  offered for the truth of the matter asserted and is therefore inadmissible hearsay.

21  (FED. R. EVID. 801).

22      47.    Defendants object to the employee reprimand regarding Ife Stewart,

23  attached as Exhibit 17B, page 25 of 28 of the Answer on the grounds that Plaintiff

24  has failed to authenticate and provide a proper foundation for reliance upon this

25  document. (FED. R. EVID. 901). The document fails to explain how Mr. Settle has

26  personal knowledge of information including therein and therefore the e-mail is

27  inadmissible. (FED. R. EVID. 602). Defendants object to the admission of the

28  entire e-mail because it is offered for the truth of the matter asserted and is

1   therefore inadmissible hearsay. (FED. R. EVID. 801).  Further, Defendants object to

2   the admission of Ms. Stewart's Employee Reprimand as she is not a party to this

3   litigation.   Mr. Settle's claims are not based upon the action or inaction of Ms.

4   Stewart, a third party employee of The Wackenhut Corporation.  This information

5   is irrelevant and therefore inadmissible.  (Fed. R. Evid. 402.)

6        48.    Defendants object to the handwritten notes attached as Exhibit 17C,

7   pages 26 through 27 of 28 of the Answer on the grounds that Plaintiff has failed to

8   authenticate and provide a proper foundation for reliance upon this document.  The

9   notes provided are not signed nor dated.  There is no indication of where the notes

10   originated and must be excluded from evidence.  (FED. R. EVID. 901).   The

11   document fails to explain how Mr. Settle has personal knowledge of information

12   including therein and therefore the notes are inadmissible.  (FED. R. EVID. 602).

13   Further, Defendants object to the admission of the notes because it is offered for

14   the truth of the matter asserted and is therefore inadmissible hearsay. (FED. R.

15   EVID. 801).   In addition, it is unclear what the handwritten statement which says

16   "statement from Dale in order to be C.R.O." is referring.  This statement is hearsay

17   within hearsay and must be eluded as well.  (FED. R. EVID. 805).   Finally, the

18   information contained within this handwritten document is completely irrelevant to

19   the allegations in Plaintiff's Complaint and is therefore inadmissible.  (FED. R.

20   EVID. 402)

21        49.    Defendants object to document entitled "Point 4" attached as Exhibit

22   17C, page 28 of 28 of the Answer on the grounds that Plaintiff has failed to

23   authenticate and provide a proper foundation for reliance upon this document.  In

24   addition, there is no indication of where the document entitled "Point 4" originated

25   and must be excluded from evidence.  (FED. R. EVID. 901).  The document fails to

26   explain how Mr. Settle has personal knowledge of information contained therein

27   and is therefore inadmissible.  (FED. R. EVID. 602).  Further, Defendants object to

28   the admission of this document because it is offered for the truth of the matter

1    asserted and is therefore inadmissible hearsay. (FED. R. EVID. 801). In addition,

2    handwritten notes are hearsay within hearsay and must be eluded as well since

3    these notes are offered for the truth of the matter asserted. (FED. R. EVID. 805).

4

5    DATED: August _____, 2008                    GORDON & REES LLP

6

7                                                 By_____

8                                                 Stephen E. Ronk
                                                  Joshua B. Wagner
9                                                 Michelle L. Steinhardt
                                                  Attorney for Defendants
10                                                THE WACKENHUT CORPORATION,
                                                  JANICE WOELFFER and DALE
11                                                SCHMIDT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

## PROOF OF SERVICE

2       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite

3   4900, Los Angeles, CA 90071. On **August 29, 2008**, I served the within documents:

4

## DEFENDANTS' OBJECTIONS TO EVIDENCE IN REPLY TO PLAINTIFF'S JAMES SETTLE'S OPPOSITION TO DEFENDANTS'

5 MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

6

7   ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8   ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

9

10   ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

11

12   James Settle
4721 Nicol Commons, #103

13   Livermore, CA 94550
Tel: (925) 998-0297

14   *Plaintiff in Pro Per*

15       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

16   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

17   meter date is more than one day after the date of deposit for mailing in affidavit.

18       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19   Executed on **August 29, 2008** at Los Angeles, California.

20

21                           Kimberley M. Davison

22

23

24

25

26

27

28

*Gordon & Rees LLP*
*633 West Fifth Street, Suite 4900*
*Los Angeles, CA 90071*